[No. 20262. Department One. March 8, 1927.]

STEVE KUKURA, *Respondent*, v. SAM A. WRIGHT *et al.,*
*Appellants.*[1]

[1] APPEAL (406)—REVIEW—DISCRETION OF LOWER COURT—GRANT OF NEW TRIAL. The granting of a new trial on the ground of excessive damages awarded under the influence of passion and prejudice will not be disturbed on appeal where it can not be said as a matter of law that the trial judge, who heard and observed the witnesses, abused his discretion.

Cross-appeals from a judgment of the superior court for King county, Kinne, J., entered April 23, 1926, upon the verdict of a jury in favor of the plaintiff, in an action for money had and received, and from an order granting a new trial in favor of the defendants. Affirmed as to both appeals.

*Rummens & Griffin,* for appellants.

*Frank S. Griffith* and *Geo. Olson,* for respondent.

FRENCH, J.—In this case both sides have appealed, and the parties will therefore be referred to as plaintiff and defendants.

The plaintiff instituted this action against the defendants for the recovery of seven hundred fifty dollars, which it is claimed the defendants had collected and refused to turn over to the plaintiff.

[1]Reported in 253 Pac. 800.

The defendants are engaged in the practice of law under the firm name of Wright & Wright, having offices in the city of Seattle. Some time in the early part of 1924, the plaintiff became a client of the office and considerable business was done for him involving a number of transactions, resulting in the collection by the defendants of approximately ten thousand dollars on various claims, some of which were litigated and others were not. The defendants claimed an attorneys' fee of one thousand two hundred fifty dollars for their services in the various transactions, had expended several hundred dollars in expenses for and on behalf of the plaintiff, and on the 13th day of June, 1925, had turned over to the plaintiff all of the money then due him, less their claimed expenses and attorneys' fees. The dispute arises over the one thousand two hundred fifty dollars item, plaintiff claiming that a fee of five hundred dollars had been agreed upon in advance for the services to be performed; defendants' position being that there had been no fee agreed upon, and that one thousand two hundred fifty dollars was a reasonable fee to be charged for the services rendered.

The case was tried before a jury, and a verdict rendered in favor of the plaintiff for seven hundred fifty dollars, being the difference between the amount plaintiff admitted to be due and the amount which the defendants had retained, there being no dispute about any other items in the account. The defendants thereupon moved for judgment *non obstante*, or for a new trial, on the various statutory grounds. The motion for judgment *non obstante* was denied, a new trial was granted, and both parties have appealed.

A careful examination of the testimony convinces us that there was some evidence to take the case to the jury, and that therefore the motion for judgment *non obstante* was properly denied.

[1]    A new trial was granted by the court on the ground that excessive damages appeared to have been awarded under the influence of passion and prejudice. The trial court heard the testimony, observed the witnesses, and we cannot say as a matter of law that the granting of the new trial was an abuse of discretion. Under such circumstances the law is well settled in this state that the action of the trial court must be upheld.

The judgment is therefore affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.