No. 58,007

G & S INVESTMENT CO., INC., *Appellee*, v. STUART CLOSE and MONA CLOSE, *Appellants.*

(726 P.2d 1317)

Opinion filed October 31, 1986.

*M. Dean Burkhead,* of Riling, Norwood, Burkhead & Fairchild, Chartered, of Lawrence, argued the cause and was on the brief for appellants.

*James A. Spencer,* of Spencer & Spencer, P.A., of Oakley, argued the cause, and *Douglas C. Spencer,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: G & S Investment Co., Inc., plaintiff, and Stuart and Mona Close, defendants, owned as tenants in common 480 acres of farmland in Thomas County. A dispute between the owners required the land to be partitioned. Each party contested the other's claims for allowance of expenses incurred in the farming operation. Without a hearing and based only on the contradictory facts stated in the trial briefs, the judge entered judgment for the plaintiff. Defendants filed a motion for a new trial, claiming the judge had failed to allow them the right to present evidence. At the hearing on the motion for a new trial, each side presented evidence. The judge overruled the defendants' motion for a new trial. The defendants appealed. The Court of Appeals affirmed the district court. The defendants' petition for review was accepted by this court.

G & S Investment Co., Inc., (G & S) is owned by Glen Close,

Stuart Close's brother. In 1983 the relationship between the parties had deteriorated to a point where it was no longer possible to continue the joint farming operation. Glen filed a petition to have the property partitioned. K.S.A. 60-1003.

On March 1, 1984, the district court ordered the property partitioned and appointed commissioners to carry out the partition. The commissioners determined that the property could not be partitioned "without manifest injury to the whole." The court ordered that the property be sold. Both parties elected to take the property at its appraised value. The court then ordered a sheriff's sale. G & S was the successful bidder on the property.

After the sale, the parties were unable to agree on the disbursement of the sale proceeds, as each claimed that certain expenses incurred in farming operations should be assessed against the other. On October 1, 1984, the parties appeared for the hearing to determine the disbursement of the sale proceeds. Defendants' attorney had prepared a written brief which was presented to the court. The court continued the hearing to allow G & S's attorney additional time to file a written response. The trial court suggested that the parties stipulate as to the controlling facts and indicated that, if necessary, an evidentiary hearing could be scheduled after G & S filed its brief. No evidence was produced at this hearing and no future evidentiary hearing was scheduled.

The plaintiff's reply brief was received by the defendants' attorney on Friday, November 16, 1984. The following Monday morning, the judge rendered his written decision based on the parties' conflicting trial briefs. The Closes filed a motion for a new trial or in the alternative a motion to alter or amend the judgment. Subsequently the judge conducted a hearing on the motion. The parties presented evidence concerning those matters previously decided. The trial court denied the motion for a new trial, but amended the judgment as to one expense item.

The defendants appealed to the Court of Appeals. The Court of Appeals, in an unpublished opinion, affirmed the district court's decision. (Case No. 58,007, filed April 10, 1986.) The Court of Appeals found that the trial court erred in rendering its decision without evidence, but concluded that when the defendants were allowed to present their evidence at the hearing on the motion for a new trial the error had been cured. The case is here on petition for review.

The defendants claim the Court of Appeals erred in its ruling that the hearing on their motion for a new trial was in fact a new hearing. The Closes argue that at the hearing on their motion, they were required to persuade the judge that his prior findings were incorrect. Such a requirement placed an improper burden on them.

First, we must determine if, where a court fails to conduct an evidentiary hearing as required by statute, the granting of a full evidentiary hearing on the motion for a new trial will cure the error.

K.S.A. 60-259(a) provides that on a motion for a new trial in a case tried by a judge, the court may open the judgment, take additional testimony, and direct a new judgment. The purpose of this section of the statute is to allow the trial judge an opportunity to correct prior errors. Where both parties are given notice and an opportunity to present their evidence in a meaningful manner at the hearing on the motion for a new trial, their due process rights have been restored and the judge's failure to conduct the statutory hearing has been corrected.

Prior to the presentation of evidence at the hearing on the Closes' motion for a new trial the judge stated:

"Now, I have made my order and you have asked for a new trial, or in the alternative to alter or amend judgment. So Mr. Burkhead, I believe it would be up to you at this time to present whatever evidence you intend to do in support of that motion for a new trial."

While the Closes were presenting their evidence, the judge said:

"I've already ruled that the agreement that was entered into on January the 1st, 1982, that had to do with the way the farm was supposed to be farmed and the division of the crops and so forth, I've already ruled on that. I'm not going to go change that. And I'm not going to listen to any evidence that's not—that's outside of this agreement. So now if you want to have some—put some testimony on concerning the division and the damages and so forth, then that's fine."

After all of the evidence had been presented and the attorneys had made their argument, the judge made his finding, stating:

"Well, this matter is before the court today on a motion for a new trial, or in the alternative, to alter or amend the judgment. Nothing I've heard today has changed my mind in any way concerning the journal entry and the order that I entered that was filed here [on] November 19th, of 1984."

The Closes do not dispute the judge's statutory power to open

the judgment, take additional evidence, and render a new judgment at the hearing on the motion for a new trial. They do claim that they were deprived of a fair hearing on their motion when they were required to convince the judge that his original determination in favor of G & S was wrong. They argue if the procedure is to substitute for the original hearing they never received to protect their due process rights at the hearing on the motion for a new trial, the judge must require that both parties prove their claims by a preponderance of the evidence.

Errors that do not prejudice the substantial rights of a party afford no basis for a reversal of a judgment and will be disregarded. Where each party to a lawsuit had a fair opportunity to present all his evidence, the question as to which litigant had the burden of proof is immaterial unless the trial court's ruling thereon shifts the risk of nonpersuasion from the litigant who must bear it in order to prevail in the action. *Quinton v. Kendall*, 122 Kan. 814, 253 Pac. 800 (1927).

Under the facts of this case on appellate review, using the most liberal construction of the rules to determine if a party has received a fair hearing, we are unable to say that the Closes received a fair hearing. Here the judge not only required the Closes to persuade him that his original ruling was wrong, but also limited the issues he would reconsider during the hearing. We must therefore reverse and remand the case for a new hearing. In fairness to the judge and the parties, a different judge shall be assigned to hear the matter on remand.

The district court and the Court of Appeals are reversed and the case is remanded to the district court for a new hearing in accordance with our instructions.